DECISION AND JUDGMENT ENTRY
This case is before the court following the judgment of the Sylvania Municipal Court which found that appellant, Gregor Repass Precision Motors ("Precision Motors"), violated various provisions of the Consumer Sales Practices Act. For the reasons that follow, we affirm the decision of the trial court.
The relevant facts are as follows. On April 3, 2000, appellee, Mirella Pardee, had her 1983 Alfa Romeo towed to Precision Motors because the engine would not start. The parties do not dispute that prior to working on the vehicle, appellant required that appellee sign a waiver of a written estimate and release of all claims.
Approximately two months after the work was completed, appellee began having problems with the car and brought it back to appellant. At this point, the business relationship deteriorated.
On May 31, 2001, appellee commenced the instant action claiming $3,000 in damages. Specifically, appellee claimed: "(1.) Failure to give written estimate as per Ohio Consumer Law; (2.) over charge repair bill; (3.) Refusal to repair Forced to buy parts; (4.) unsatisfactory repair."
The matter proceeded to trial on August 21, 2001, and the proceedings were not transcribed. Testimony was presented and exhibits were admitted into evidence. On September 5, 2001, the trial court filed its judgment entry finding that appellant committed deceptive sales practice acts under, R.C. Chapter 1345, by conditioning its performance of the work on appellee's waiver of a written estimate and requiring a written release of all claims. The court further found that appellant violated O.A.C.109:4-3-13(B) by exceeding the oral estimate by more than ten percent. Based on these findings, the court awarded appellee $1,785, or three times the overage of the estimate.[1] This appeal followed.
Appellant now raises the following assignments of error:
"Assignment of Error No. 1
 "THE CHARGES BY APPELLANT AUTO REPAIR FACILITY DID NOT IN FACT EXCEED THE AMOUNT OF THE ADVANCE REPAIR ESTIMATE BY MORE THAN TEN PERCENT (10%) AND, THEREFORE, THE TRIAL COURT ERRED IN COMPUTING THE AMOUNT OF APPELLEE'S MONETARY DAMAGES.
"Assignment of Error No. 2
 "THE APPARENT REQUIREMENT BY APPELLANT THAT APPELLEE WAIVE A WRITTEN ESTIMATE IS A DECEPTIVE PRACTICE FOR WHICH APPELLEE IS ENTITLED TO RECOVER $200 STATUTORY DAMAGES.
"Assignment of Error No. 3
 "THE APPARENT REQUIREMENT BY APPELLANT THAT APPELLEE SIGN A MUTUAL RELEASE IS A DECEPTIVE PRACTICE FOR WHICH APPELLEE IS ENTITLED TO RECOVER $200 STATUTORY DAMAGES."
We will discuss appellant's assignments of error together.
App.R. 9 places the burden on appellant to provide the court with either a written transcript of the proceedings or, if a transcript is not available, a statement of the evidence. Absent a transcript of the proceedings or substitute, we must presume the regularity of the trial court's proceedings. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199.
In the present case, the trial court entered its judgment following a trial where testimony and evidence were presented. Appellant bases its arguments, in large part, on an exhibit it claims demonstrates that the total repair bill did not exceed the estimate. Upon reviewing the exhibit, which consists of an adding machine tape, it does not conclusively establish appellant's position. Moreover, we do not have the benefit of testimony presented as to this exhibit. Based on these facts, we must presume that the trial court properly calculated the amounts and determined that the total repair cost unlawfully exceeded the estimate.
Regarding damages, under R.C. 1345.09(B), an aggrieved consumer is entitled to receive three time her actual damages or $200, whichever is greater. Here, the trial court heard the testimony and observed the witnesses. We cannot say that the court erred when it awarded treble damages based on its finding that appellant committed a deceptive sales practice. Accordingly, we find that appellant's first, second, and third assignments of error are not well-taken.
On consideration whereof, we find that substantial justice has been done the party complaining, and the judgment or the Sylvania Municipal Court is affirmed. Court costs are assessed to appellant.
JUDGMENT AFFIRMED.
Peter M. Handwork, J., Melvin L. Resnick, J., and Mark L.Pietrykowski, P.J., CONCUR.
[1] The trial court calculated the amount as follows:
 "$3,145.00 — Final bill "-$2,550.00 — Oral estimate "$595.00 "x 3
"$1,785.00